# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1259V

| | |
|---|---|
| DENNIS ECKERT,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 29, 2023 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, Washington, DC, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 8, 2022, Dennis Eckert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). In that petition, Petitioner requested compensation "for injuries resulting from adverse effects of a vaccination or vaccinations covered by 42 U.S.C. § 300aa-10, et seq." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 18, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Guillain Barré Syndrome. On December 20, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $128,387.79, including $125,000.00 in pain and suffering, and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$3,387.79 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $128,387.79, including $125,000.00 in pain and suffering, and $3,387.79 for past unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DENNIS ECKERT,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 22-1259V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**[1]

**I.**    **Procedural History**

On September 8, 2022, Dennis Eckert ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 30, 2019, and a Prevnar-13 vaccine administered on November 26, 2019. Petition at 1. On June 26, 2023, respondent filed his Vaccine Rule 4(c) report, respondent specifically denied that the Prevnar-13 vaccine can cause GBS or did so in this case. ECF No. 15. Respondent's recommendation that compensation be awarded was based solely upon petitioner's Table flu/GBS claim. *Id.* On December 12, 2023, petitioner filed an amended petition, alleging that he suffered GBS solely as a result of a flu vaccine administered to him on October 30, 2019. Amended Petition at 1.

On December 18, 2023, the Chief Special Master issued a ruling on entitlement, finding

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

that petitioner was entitled to compensation for a flu/GBS Table injury.  ECF No. 36.

**II.     Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $125,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,387.79.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**III.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $128,387.79, in the form of a check payable to petitioner.

**IV.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Dennis Eckert:  **$128,387.79**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

3

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

<u>/s/ Tyler C. King</u>
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-0730
Tyler.King@usdoj.gov

Dated:  December 20, 2023

3